YOUNG J. HARRINGTON, plaintiff in error, *vs.* ROBERT GAB-
BY *et al.*, defendants in error.

Where complaint for land in the statutory form is brought, the plaintiff
must, by the abstract attached to his declaration and by his evidence,
show title in himself.

Ejectment.    Pleadings.    Before J. B. ESTES, Esq., Judge
*pro hac vice.*    White Superior Court.    October Adjourned
Term, 1873.

For the facts of this case, see the decision.

WIER BOYD, for plaintiff in error.

C. H. SUTTON, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiff to recover the
possession of a lot of land from the defendant under the statu-
tory form.    On the trial of the case the plaintiff offered in
evidence the plat and grant from the state to Elizabeth Pearcy,
and a deed from Boyd, administrator *de bonis non* of Wittick,
to Irby, and a deed from Irby to Harrington, the plaintiff.
There was no deed from Elizabeth Pearcy, the drawer, con-
veying the title to the lot from her.    Upon this evidence the
court, on motion of the defendant, non-suited the plaintiff, to
which ruling of the court the plaintiff excepted.    The argu-
ment for the plaintiff is that under the statutory form of ac-
tion, as provided by the Code, the plaintiff is entitled to re-
cover when he exhibits an abstract of his title and shows that
the land has been granted by the state, in the same manner as
if he had alleged a demise from the grantee in the common
law action of ejectment.    The reply is that when he seeks to
recover the possession of land under the statutory form, the
plaintiff must show a title to the land which he seeks to re-
cover by an abstract thereof annexed to his declaration.    The
statute does not contemplate, when it dispenses with the com-

mon law form of the action of ejectment, that the plaintiff shall not establish his legal right to recover the land. In this case the plaintiff did not show any title to the land sued for, in himself, or in those under whom he claims, but, on the contrary, his own evidence shows that the legal title to the lot of land is in Elizabeth Pearcy, the drawer, inasmuch as no title was shown to have been conveyed by her to any person. In our judgment, the non-suit was properly awarded by the court on the evidence before it.

Let the judgment of the court below be affirmed.