HENDRICKS *vs.* McDANIEL, governor.

On the trial of a claim case, evidence that the sheriff went to the land levied on, found certain persons in possession of it, and asked whether or not it was their land, to which they replied that it was not, that they had rented it from the defendant in *fi. fa.*, and that it belonged to her, was not admissible to show title in such defendant.

February 13, 1888.

Claims. Evidence. Title. Before Judge SMITH. Muscogee superior court. May term, 1887.

Reported in the decision.

GOETCHIUS & CHAPPELL, for plaintiff in error.

J. H. WORRILL, solicitor-general, and PEABODY, BRANNON & BATTLE, *contra*.

BLANDFORD, Justice.

In this case, it appears that Amanda Andrews became the surety of a certain person for his forthcoming to answer to a criminal charge. The bond was estreated, and a final judgment of forfeiture taken in behalf of the gover-

nor against Amanda Andrews, as surety.   The judgment
was levied upon a certain lot of land in the city of Colum-
bus; and Ella N. Hendricks, the plaintiff in error here,
interposed a claim to the property.   Upon the trial of the
claim case, the sheriff was introduced, and testified that he
went to this land and found certain persons in possession
of it, and asked whether it was their land or not, and they
said it was not, that they had rented it from Amanda
Andrews, the defendant in execution, and that the land
belonged to her.    Claimant's counsel objected to this
testimony upon the ground that it was illegal; that the
possession of Amanda Andrews could not be proved in
that way; that the title could not be proved by the sayings
of the parties in possession that Amanda Andrews owned
the land. The court overruled the objection and allowed the
evidence.   The jury found the property subject; and the
claimant moved for a new trial, which the court refused,
and the claimant excepted.

     We are of the opinion that the court ought not to have
admitted this testimony for the purpose for which it was
admitted.   We do not think that the sayings of parties in
possession proved that Amanda Andrews herself was in
possession.    While such statements would bind those par-
ties as to any interest they had in the land, they were
clearly inadmissible in this case to show the title of
Amanda Andrews to the land.    This testimony may have
materially damaged the claimant.   The claimant put in a
deed from Amanda Andrews to her, made before the for-
feiture; and claimed that she was a *bona fide* purchaser.
This deed was assailed by the plaintiff in execution upon
the ground that it was fraudulent; and upon the trial of
the issue of whether the deed was fraudulent or not, these
sayings of the tenants may have had a very powerful in-
fluence with the jury, as showing that Amanda Andrews
was in possession after the deed was made, as a badge of
fraud; but we do not think this testimony ought to have
been admitted for the purpose for which it was admitted;

and we think that on account of this error of the court a new trial should be granted.   The judgment is therefore reversed.