Yonn *et al. vs.* Pittman *et al.*

"Caution! Danger!

"Keep your eyes open and your wits about you: Don't forget what you are doing, or look about the shop when running a machine. More than half the accidents from machinery result by fooling with it, in many cases where the parties have no business." . . . . .

The jury found for the plaintiff the amount sued for. A new trial was granted on the grounds that the verdict was contrary to law and evidence, and because the court was not satisfied with the verdict. The plaintiff excepted.

Garrard & Meldrim, for plaintiff.

Lester & Ravenel, for defendant.

---

Yonn *et al. vs.* Pittman *et al.*

1. An action of complaint for land cannot be dismissed on demurrer to the abstract of title annexed to the declaration. The object of the abstract is not to show title in the plaintiff on the face of the pleadings, but only to give notice of what will be relied upon at the trial.

2. A deed of gift conveying the premises to a woman during her life, or until her son arrives at twenty-one years of age, she not to be troubled or disturbed as long as she lives on the premises, but if she moves and leaves the land then her title to be null and void and the land to belong to the donor or his heirs, but should she die before her son becomes twenty-one years of age, then it is discretionary with the donor whether he shall enter and take possession or not, passes title to the donee for a term not exceeding the duration of her own life; and she having outlived the minority of her said son, the clause touching the donor's discretion to enter in case

of her death before such event, is of no materiality. The donor having died, his heirs at law became entitled to enter when the donee also died,.the estate conveyed being then terminated by its own limitation.

3. The donee having with her children entered into possession under the deed, and the children on being sued for the land after her death having produced the deed under notice, and showing no other claim or color of title or right to the possession, her declarations made whilst in possession, as to the land being a gift to her from the donor, were admissible in evidence to affect them, the deed also being in evidence.

4. Though a charge of the court touching prescription be irrelevant, a correct verdict will not thereby be vitiated.

5. As the mother of the defendants below entered under the ancestor of the plaintiffs below, and as no right or title in the defendants to retain possession after the death of their mother appeared, the evidence was sufficient to warrant the verdict for the plaintiffs, without showing any other title in their ancestor than that implied by his execution of the deed of gift, and by her entry and holding under the same.

March 22, 1889.

Actions. Demurrer. Practice in superior court. Deeds. Title. Estates. Evidence. Charge of court. Prescription. Verdict. Before Judge KIBBEE. Dooly superior court. March term, 1888.

Mrs. Odom, Mrs. Pittman and D. F. Gunn in their declaration alleged that they are the sole heirs of Archie Gunn, who died intestate in 1864, and that as such. they claim title to lot of land No. 77 in the 7th district of Dooly county, which is in the possession of James, Mary, Silvey and Chesley Yonn, who have enjoyed the rents, issues and profits thereof since 1884, of the value of $200.00 per annum, and on demand refuse to deliver up the premises to petitioners or to account for the profits. The suit was filed February 19th, 1887.

The following is stated as the abstract of title:

"Deed from Archie Gunn to Rebecca Yonn for lifetime, of date 20 Nov., 1859, to the premises in dispute, and under which deed Re-

becca Yonn and defendants went into possession of the premises in dispute.  2d. Death of Rebecca Yonn in 1884."

Upon the trial plaintiffs put in evidence a deed to the land in dispute, produced by defendants under notice, made November 20th, 1859, by Archie Gunn to Rebecca Yonn.  The consideration of this deed was "love and affection" for Rebecca Yonn.  The *habendum* clause was :

" To have and to hold the aforesaid described lot of land unto her, the said Rebecca Yonn, during her lifetime, or until her son, Chesley Yonn, comes to the age of twenty-one years of age; and the said Rebecca Yonn is not to be troubled nor disturbed as long as she, the said Rebecca Yonn, lives on the said lot of land; but if the said Yonn moves and leaves the said land, then her title is null and void, and the said land is then to belong to the said Archie Gunn, or his heirs and estate; but if the said Rebecca Yonn should die before her son Chesley is twenty-one years of age, then it. is discretionary with the said Archie Gunn whether he, the said Archie Gunn, moves the said Yonns and takes possession of the said land or not. . .  The said Archie Gunn binds himself . . . . . unto the said Rebecca Yonn for the time aforementioned."

The other testimony introduced by the plaintiffs tended to show that they are  the only heirs at law of Archie Gunn, who died in 1864; that prior to the date of the deed, Archie Gunn was in possession of the land; that Mrs. Rebecca Yonn, with her children, including defendants, moved upon the land shortly after the execution of the deed, by direction of said Archie; that Mrs. Yonn died in 1884; and that defendants are in possession of the land.

Sumer Adams testified, for plaintiffs, that he heard Mrs. Yonn say she thanked Mr. Gunn for giving her that great gift, and giving her a home for her and her children in her lifetime.  She never named any paper. Dr. Stovall testified, that Mrs. Yonn told him that Mr. Gunn gave her the lot during her lifetime.  "I don't think she said anything about any deed."

The defendants introduced no testimony.

The verdict was for plaintiffs for the premises in dispute. The defendants moved for a new trial on the following grounds:

(1–2) Verdict contrary to law and evidence.

(3) Error in not sustaining motion made by defendants to dismiss the suit, on the ground that there was no cause of action set forth in the declaration and abstract of title, as they showed no title in plaintiffs.

(4) Error in admitting the evidence, above set forth, of Sumer Adams and Dr. Stovall.

(5) Error in construing the deed to be a deed to Rebecca Yonn for life and then "giving back to the heirs of Archie Gunn, and that Chesley Yonn had no interest in it."

(6–7) Error in charging: "The title of this lot of land is in Rebecca Yonn for and during the period of time for which the donor executed it"; and the whole construction put on the deed by the court is wrong.

(8) Error in charging, without further restriction or limitation, that twenty years' possession of land adversely, peaceably and notoriously, gives a man good title thereto.

(9) Error in charging without qualification: "If Mrs. Yonn and these defendants went into possession under the deed made to her and held under that deed, then they could not deny that they held under it."

In a note to the motion, the court says that the question whether plaintiffs could recover under color of title with adverse holding seven years, or on twenty years possession, was not in issue, and the court, in charging the law of prescription, did not think it necessary to qualify or explain fully the law on this branch of ejectment, but to draw the attention of the jury to the fact that recovery could be had other than upon complete title. From the charge of the court it appears that he

construed the deed to be one conveying the land to Mrs. Yonn for life, and that at her death the property passed or reverted to the estate of Archie Gunn; and that it did not operate as a conveyance to Chesley Yonn to any extent.

The motion was overruled, and defendants excepted.

J. H. MARTIN, for plaintiff in error.

G. W. BUZBEE and DUNCAN & MILLER, by brief, *contra*

BLECKLEY, Chief Justice.

The facts are stated in the official report.

1. There was no error in overruling the motion to dismiss the action founded on the abstract of title annexed to the complaint. The sole object of the abstract is to apprise the defendant of the nature of the title claimed, and of the specific documents which will be introduced on the trial. It is not necessary that the documents indicated shall in and of themselves constitute a perfect chain of title, but their relevancy may be made apparent at the trial by any admissible evidence adduced for that purpose. It is not required that the abstract shall be so clear and complete as to withstand the force of a demurrer. We are aware of no instance in which it has heretofore been the subject-matter of demurrer. The case cited by counsel (*Harrington vs. Gabby*, 52 *Ga.* 537) was not a demurrer, but a nonsuit; it did not turn upon any deficiency in the abstract of title, but upon the want of sufficiency in the evidence adduced at the trial.

2. The suit being by the heirs at law of Archie Gunn, who died in 1864, the plaintiffs relied upon a deed made by Gunn in 1859, to Rebecca Yonn, the mother of the defendants below, plaintiffs in error here. The terms

of that deed limited the conveyance to the life of Rebecca Yonn. In the event she died before her son Chesley arrived at the age of twenty-one years, the deed provided that Archie Gunn, the grantor, might re-enter or not at his discretion. Her death, however, did not take place until 1884, which was long after her son Chesley attained his majority; and consequently this provision of the deed never took effect. The court correctly construed the instrument, in the light of the actual facts, as conveying to Rebecca Yonn an estate for her life, and as passing no title whatever to Chesley or any of her children.

3. The evidence showed, inferentially at least, that Rebecca, with her children, entered under that deed, and the evidence admitted proving her declarations that she was put in possession by Archie Gunn, or that the land was a gift to her from him, was competent. The defendants being her children and exhibiting no title or claim of title otherwise than through her, and they having produced under notice the deed by which she held, her declarations while in possession will affect them. The case of *Hendricks vs. McDaniel*, 80 *Ga.* 102, does not militate against this position. There the effort was to show title in one out of possession by the declarations of a person in possession. Here, on the contrary, the defendants are in possession, and the declarations proved against them were made by their mother while she was in possession and holding under the very deed which they had produced, and which constitutes the only title or color of title which has been exhibited as a foundation for their possession. On what ground the evidence was objected to does not appear.

4. The charge of the court touching prescription was irrelevant, but did no harm.

5. The verdict was not only warranted but demanded by the evidence, and there was no error in refusing to grant a new trial.

Judgment affirmed.