### LEE v. HOUSTON.

In a statutory action of ejectment, evidence is not admissible to prove a conveyance not recited in the abstract of title attached to the petition. The abstract may, however, be amended so as to permit the introduction of such evidence.

Argued June 11, — Decided July 12, 1904.

Complaint for land.　　Before Judge Lewis.　　Baldwin superior court.　　September 21, 1903.

*Hines & Vinson*, for plaintiff in error.
*Allen & Pottle*, contra.

CANDLER, J.　This was a statutory action for the recovery of land and for mesne profits. The jury found for the plaintiff the land in dispute and "also $25.00 annual profits for four years." On this verdict judgment was rendered for the plaintiff for the land and for "the sum of twenty-five dollars as mesne profits." The defendant filed a motion for a new trial, on various grounds; it was overruled, and she excepted. In only one of the grounds of the motion do we find a sufficient reason given why a new trial should have been granted; and as the remaining grounds present questions which are not likely to arise on another hearing of the case, we do not deem it necessary to discuss them here. The court permitted the plaintiff to testify as to the execution of a deed to her grantor, which was not set out or otherwise referred to in the abstract of title attached to her petition. The abstract recited only one conveyance, to wit, a deed from the plaintiff's grantor to herself. Clearly, under the decisions of this court, it was within her power to amend her abstract; and had she so amended, her testimony would have been admissible, it appearing that the deed about which she testified had been destroyed, and that the records of Baldwin county, where the registry of the deed was had, had also been destroyed. See *Tapley* v. *Tapley*, 115 *Ga*. 111, and cases cited. "The sole object of the abstract is to apprise the defendant of the nature of the title claimed, and of the specific documents which will be introduced on the trial." *Yonn* v. *Pittman*, 82 *Ga*. 641. It is, in effect, a part of the petition; and like other parts of the petition, while it may be amplified by amendment, evidence is not admissible to show muniments of title not

comprehended within the abstract. The plaintiff in this case made no offer to amend her abstract; and consequently she had no right to introduce testimony as to conveyances other than it set out. *Carter* v. *Greer*, 72 *Ga.* 897. As the defendant relied on a gift of the land in dispute to her predecessor in title, which antedated by many years the sole conveyance recited in the plaintiff's abstract, the admission of the evidence in question, without amendment, could not have failed to be harmful to her, and a new trial must result. *Judgment reversed. All the Justices concur.*