## KEARCE *v.* MALOY.

The court erred in overruling the motion for a new trial.

No. 6041. FEBRUARY 27, 1928. REHEARING DENIED MARCH 3, 1928.

Ejectment. Before Judge Camp. Telfair superior court. March 16, 1927.

*William B. Kent,* for plaintiff. *W. S. Mann,* for defendants.

RUSSELL, C. J. We are of the opinion that the court erred in overruling the motion for a new trial. While some of the grounds of the motion may be so faulty in the assignments of error as to present nothing for the consideration of the court, there are at least two assignments of error, controlling in their nature, which entitle the plaintiff in error to a new trial. If the evidence as to a disputed line and testimony as to a line which was said to have been established by agreement of these parties is considered by itself, the verdict was fully warranted. But the controlling question in the case is what is the true line dividing lots number 23 and 22 of the 8th district of Telfair, originally Wilkinson County. The claim of the defendant to the 54 acres of land in dispute admittedly rests upon the fact that this land is a part of the lot which he claims (number 22), while the plaintiff in error contends that it is a part of lot number 23, and the deed under which he claims entitles him to land on the west side of a certain road to the boundary of lot number 22. Therefore the question at issue is to be settled by the establishment of the true dividing line between lots 22 and 23; and the finding in favor of the defendant is predicated, in part at least, upon the existence of a line extending through the land district, by which there is a tier of large lots and a parallel tier of small lots, the large lots being assumed to contain

---

Appeal and Error, 3 C. J. p. 976, n. 27.

Boundaries, 9 C. J. p. 282, n. 48.

more than 202-1/2 acres and the small lots to contain the same amount less than 202-1/2 acres, and the verdict in favor of the defendant depends upon proof of that fact. This court judicially knows, from the original surveys and plats on file in the office of the Secretary of State, that there is no tier of small lots in the 8th district of Telfair, originally Wilkinson County, and an adjoining tier proportionately larger in that land district. The defendant's testimony to establish his contention is based upon a map of Telfair County, from which it appears that there are two tiers of lots parallel and adjoining each other, the one considerably smaller and the other larger than other lots in Telfair County, which are judicially known each to contain 202-1/2 acres. This map was introduced in evidence over the objection of the plaintiff that its correctness had not been proved. As it appears in the record, it is a printed, colored map advertising lands in Telfair County. Neither the surveyor who surveyed, nor the draftsman who platted it, nor even the printer who printed it was introduced to testify as to its correctness. The map confirms the testimony of the defendant and witnesses in his behalf. It should have been rejected upon the objection made, unless evidence had been forthcoming from some source showing the correctness of this land picture. It is no reply to say that the admission of this map over proper objection does not require the grant of a new trial, because there was also evidence as to the creation of a new line by agreement; for the courts have no way of knowing upon what evidence the jury bases its verdict. In the case at bar, the jury may not have believed the testimony in behalf of the defendant as to the agreement fixing a new line, but they might have been satisfied by the testimony as to the existence of small lots and large lots in Telfair County, corroborated by a map which the jury was obliged to believe was authoritative (because the court held it needed no proof of correctness) that the plaintiff's lot, number 23, never contained 202-1/2 acres, and that the defendant's lot, being precisely parallel with it, contained as much more than 202-1/2 acres as the plaintiff's lot lacked of constituting that amount of land. Under a well-settled rule that it is the duty of a jury to harmonize all of the testimony, if possible, so as to impute perjury to no witness, the jury could very properly have declined to consider at all the conflicting testimony either pro or con as to the agreement on

a line, and have based their verdict entirely upon the map as corroborated by the testimony of certain of the witnesses.

In view of the incorporation of the certificate of the clerk of the superior court and the affidavit of the juror himself, which the judge required to be sent up as a part of the record, it is plain that the judge did not err in overruling the ground of the motion for a new trial based upon the relationship of a juror. The movant properly presented evidence of relationship on the part of the alleged juror, which would have disqualified him from service in the case; and this, with the accompanying affidavits as to the ignorance of the party and his counsel of this relationship, would, in the absence of a counter-showing, have required the grant of a new trial. But the opposite party introduced the affidavit of the alleged juror that he did not serve upon the jury, and an extract from the minutes of the court, certified by the clerk, showing that the person attacked as disqualified by reason of relationship did not in fact serve upon the jury. In view of the fact that the minutes of the court import verity, the judge as trior did not err in finding that the juror did not serve upon the jury; and therefore the disqualifying relationship established by the movant was altogether immaterial.

The second special ground of the motion for a new trial is: "Because of the rulings of the court as set out in Exhibit A, B, C, D, E, F, G, and H, herewith attached, made a part of this amended motion for new trial, and to which special reference is made and prayed." The exhibits are attached as stated. Our rules require that each ground of a motion for new trial shall be complete in itself, and that the court shall not be required to search the record in order to ascertain the ruling of the court as to the admission of evidence, but shall find the error of which complaint is made plainly stated in the ground itself. It is unusual to set forth the ruling of the court by an exhibit attached to the ground, but is this a violation of the rule which requires that the ground of the motion shall be complete in itself, if, as in this case, the movant was of the opinion that the ruling as to the admissibility of evidence could not be as clearly stated as by an exact recital of what actually occurred, including the objection made to such evidence, without any explanatory comment? It seems to us that this might sometimes be in the interest of brevity and in accord with

the rule. Attached to the second ground of the amended motion as exhibit "H" is the following: "Mr. Mann: We tender in evidence this county map for the purpose of identifying the land. Mr. Kent: We object to it on the ground that there is no evidence that it is a correct map. The Court: I will admit it." That states very plainly what was admitted in evidence, the purpose for which it was offered, the ground of objection, and the fact that the court overruled the objection, because of which the movant says the court should grant him a new trial. It seems to the writer that, under the requirement of the Code (§ 6183) that no case shall be dismissed when there is enough in the bill of exceptions or in the record or in both together to enable us to ascertain the point to be decided, the movant objected upon the ground that the correctness of the map had not been proved. It is well settled that maps or plats of land must be vouched for by some one, ordinarily the maker, but in any event there must be testimony as to its correctness before the jury are authorized to consider it as competent evidence. Upon a review of the testimony we are satisfied that the error in admitting this printed county map was so prejudicial to the plaintiff in error as to require the grant of a new trial.

Special grounds 3 and 4 of the motion for a new trial are without merit, though it can not be said that they can not be understood. The third ground is as follows: "Because of all the rulings and of the charge of the court and the inapplicability of the said charge in its entirety, and especially as to the real issues in the said case; and because of the ruling out of the evidence of the Secretary of State, and because of each and every ruling as made by the said court in the said matter, each of which almost amounted to a direction of a verdict for the deft. in the said case." The ground of the motion presents nothing for consideration, because the exception to the charge of the court as a whole is too vague and indefinite and lacks specification, and the ground ·includes with this an assignment of error as to the ruling out of the evidence of the Secretary of State, which is made the subject of the fourth ground of the amended motion, and the exception should be confined to the fourth ground; and from the exception to each and every ruling as made by the court in the course of the trial we can well understand that he complains of each and

every ruling. The assignment of error also fails under the rule requiring a specific assignment of error as to each and every ruling. The fourth ground of the amendment can not be considered, because the evidence which was excluded by the court does not appear either in the ground of the motion or in any exhibit attached as exhibit 1. Ground 5 of the motion, based upon the alleged fact that John Parks Powell, a cousin of the defendant, Dr. Charles J. Maloy, was a member of the jury, being a complaint based upon the same matter as set out in the first special ground of the motion for a new trial, is controlled by what has already been stated as to the first ground.

*Judgment reversed. All the Justices concur.*