CALLAHAN *v.* BEELAND, administrator.

No. 7576. JULY 16, 1930.

*Jule Felton,* for plaintiff in error. *Homer Beeland,* contra.

HINES, J.  Dan S. Beeland as administrator of the estate of L. D. Harris, deceased, brought his complaint against Frank H. Callahan, making these allegations: (1) He is the duly qualified administrator of L. D. Harris. (2) Callahan is in possession of the north one half of land lot No. 193 in the third district of Taylor County and known as the L. D. Harris place, and has claimed possession thereof for the last four years, and is now claiming title to said land. (3) The title to said land is in the estate of L. D. Harris, and petitioner as his administrator has the right to the possession of the same. (4) Callahan has received the profits of said land from 1924 to 1928, inclusive, of the yearly value of $100. (5) Callahan refuses to surrender possession or deliver said land to petitioner, or to pay him the profits thereof. (6) Harris purchased said land on May 25, 1905, from Lula D. Harris, evidenced by her deed recorded in Book G, page 285, in the clerk's office of Taylor superior court, under which petitioner claims and relies on as title for his recovery. Petitioner prays for recovery of this land and for judgment for mesne profits. The defendant demurred generally upon the ground that no right was shown by plaintiff in his petition to recover the land in question. Defendant demurred specially to paragraph six of the petition, because it pretends to set forth the abstract of title under which petitioner claims the right to recover, and the same is insufficient in law as a basis for any recovery whatever.

Petitioner by amendment added the following allegations: The possession of Callahan was and is a trespass pure and simple up to July 5, 1928, without any right to enter upon and to possess said land whatsoever. Defendant is now claiming and holding said land under and by virtue of a sheriff's deed dated July 5, 1927, which was made under a tax execution issued by the tax-collector of said county against L. D. Harris. L. D. Harris died in said county more than ten years ago, and the same could not have been seized and sold as his land; and the defendant is still a trespasser upon said land, though claiming the right of possession under said sheriff's deed, and by reason of his claiming under said deed both parties come within the rule of a common grantor.

The trial judge overruled the demurrers. To this judgment the defendant excepted upon the grounds: (a) The original petition alleged that the defendant was in possession of the land and

had been for five years, mesne profits being asked for that period, that plaintiff claimed under a deed from Lula D. Harris to L. D. Harris, dated May 25, 1905, there being no allegation that he claimed from the State or by prescription or how; and he sought to meet the demurrer by the amendment, the allegations of which are above set out. (b) The allegations of the petition show that the defendant was in possession of the land five years prior to the date of the deed attached to the amendment. The defendant would have the right to protect his possession by buying up the tax claim of the county against the land; and he would not be holding under a common grantor when it is shown that he did not enter the land under the alleged deed, and when, according to the allegations of the petition, he had the actual possession of the same for five years prior to the date of the alleged tax deed. (c) The plaintiff, as against the five-years possession of the defendant, has no right to recover the land in question, without showing some title to the land, and the petition shows none whatever, and the amendment does not correct the defect.

We deem it unnecessary to decide whether the complaint as originally drawn sets forth a cause of action. "To the declaration for the recovery of land and mesne profits the plaintiff shall annex an abstract of the title relied on for such recovery." Civil Code (1910), §§ 5541, 5580. In *Yon* v. *Pittman,* 82 *Ga.* 637 (9 S. E. 667), it was held that the object of the abstract is not to show title in the plaintiff on the face of the pleadings, but only to give notice of what is relied upon at the trial. See *Lee* v. *Houston,* 120 *Ga.* 529 (48 S. E. 129). In *Dugas* v. *Hammond,* 130 *Ga.* 87 (60 S. E. 268), it was held by the majority of the members of this court that the statutory form of action for the recovery of land was not repealed by the pleading act of 1893; but in that case it was held that where the complaint departed from the statutory form and alleged that the plaintiff claimed title under an abstract of title annexed to the complaint, this was equivalent to an allegation that the plainiff's title was as defined in his abstract. In that case it was held that the plaintiff might make the abstract of title a part of the complaint, by incorporating it in the body thereof, or by making it a part of his petition by reference or otherwise; and that when this is done, and where an allegation is made that he claims title to the land under the abstract of title annexed to his

petition, such allegation will not be treated as a simple allegation of title, but as an allegation that his title is limited to that defined in his abstract. It was held by the majority in that case that such limited allegation is insufficient to cast the burden on the defendant to show title, and that in consequence the complaint sets forth no cause of action, unless there are facts which establish color of title growing out of the possession under the muniment or muniments of title set out in the abstract.

But in the instant case the plaintiff by amendment alleged that the defendant entered the premises in dispute as a mere trespasser, without any right to enter upon and to possess the same; that subsequently, on July 5, 1927, he acquired a sheriff's deed at a sale which was made under the levy of a tax execution issued against L. D. Harris, who had died more than ten years previously; that in consequence the premises could not have been seized and sold as his lands; and that the defendant was still a trespasser thereon, claiming the title to the land and the right of possession thereof under said sheriff's deed. As the defendant, according to the allegations of the amendment to the complaint, claims title to the premises under the above sale thereof under a tax execution issued against Harris, it is unnecessary for the plaintiff to allege or prove title back of Harris. Under the facts as stated in the amendment, both the plaintiff and the defendant claim title to the premises in dispute under Harris. As the facts set out in the amendment show that the defendant acquired no title under his deed based upon the tax sale, the petition is sufficient to show title in the plaintiff, and leaves the defendant in the position of a naked trespasser. In these circumstances the court did not err in overruling the demurrers. There is nothing to the contrary of what we hold, in *McConnell* v. *Cherokee Mining Co.*, 114 *Ga.* 84 (39 S. E. 941). In that case the question involved was whether the evidence was sufficient to authorize a verdict for the plaintiff, as there was no proof that the defendant claimed title under a common grantor, the defendant denying such claim, and the evidence for the plaintiff failing to show that such was his claim. As was said by this court in *Harris* v. *McDonald*, 152 *Ga.* 18, 23 (108 S. E. 448), in commenting upon the above case, it is well settled that a defendant in ejectment may rely upon two sources of title, and that, being in possession of land and claiming it as his own, he may fortify his title, or

buy his peace of adverse claimants as often as they may appear, and without being estopped from denying the title of such subsequent vendors. In this case the amendment alleges that the defendant claims title under a void tax sale of the premises in dispute as the property of the intestate of the plaintiff. This being so, both claiming title under the intestate, it was not incumbent upon the plaintiff to allege or prove title back of the intestate.

*Judgment affirmed. All the Justices concur.*