PALMER *v.* MANN *et al.*

No. 16817. November 14, 1949.

146

*W. E. Armistead,* for plaintiff in error.

*E. L. Reagan,* contra.

HEAD, Justice. The defendant's grounds of demurrer—that (1) the petition does not set forth a cause of action; (2) it fails to show a right of action in the plaintiffs; (3) it fails to show title in the plaintiffs or any right of possession; (4) it shows that the plaintiffs do not have title to the land they seek to recover; (6) the petition, the "plat or drawing," and the abstract of title clearly show that the plaintiffs have no right or title to the land they seek to recover—are general in character. The abstract of title attached to the petition clearly traced the title to the land into the husband of Pinkie Frances Arnold, and they alleged that they acquired title from her after the lands had been set aside by the court of ordinary to her as a year's support, and that the defendant entered into possession of the lands under a contract of rental made by him with Pinkie Frances Arnold prior to the time the plaintiffs acquired title thereto. As against the general demurrers, these allegations were sufficient to state a cause of action.

Paragraph 5 of the demurrer attacks the description as being insufficient to support a writ of possession, because the alleged "plat or drawing" shows on its face that it is not correct, is not signed by any surveyor or engineer, does not show the scale to which it is drawn, does not show the lot lines so that the distance the six-acre tract of land is from the north line of the 34-acre tract can be ascertained, and is insufficient to put the defendant on notice of the location of the six-acre tract. Paragraph 10 asks that the plat or drawing be stricken from the record.

While such a drawing as that attached to the petition should be excluded as evidence unless its verity and accuracy is supported by proper testimony (*Kearce* v. *Maloy*, 166 *Ga.* 90, 142 S. E. 271), its purpose in the pleadings is to give a pictorial counterpart of the description contained in the petition. The written description in the petition is sufficient to identify the property. The plat or drawing is consistent with the written description in the petition. The failure of the court to strike the plat from the record was not error.

Paragraphs 7, 8, and 8A of the demurrer are without merit.

Paragraphs 11 and 12 attack an affidavit of possession by C. L. Powell, attached to the petition as a part of the abstract of title. The objections to this affidavit are, that it was not made to be used as evidence in the present case, but was made over twenty-five years ago, to show possession of the land therein described, which description the defendant claims does not embrace the land sought to be recovered in the present case, and it is attached to the petition as a part of the abstract of title for the sole purpose of prejudicing the jury against the defendant's contentions.

Such an ex parte affidavit as that attached to the petition in the present case would not be admissible in evidence on the trial of the case, over proper objections. *Faircloth* v. *Taylor*, 147 *Ga.* 789 (5) (95 S. E. 689). Its inclusion in the abstract of title attached to the petition, however, does not make the petition subject to demurrer. This was a statutory action of complaint for land, and the abstract of title was not made an allegation of the petition. "The object of the abstract is only to give notice of what will be relied upon at the time of the trial, and the relevancy of the documents referred to therein may be

made apparent by any admissible evidence adduced for that purpose." *Chancey* v. *Johnson*, 148 *Ga.* 87 (1-b) (95 S. E. 975). It was not error to overrule the special demurrers to this part of the abstract of title. *Yonn* v. *Pittman*, 82 *Ga.* 637 (9 S. E. 667); *Crawford & Ashby* v. *Carter*, 146 *Ga.* 526 (91 S. E. 780); *Peeples* v. *Rudulph*, 153 *Ga.* 17 (111 S. E. 548).

In ground 1 of the amended motion for new trial, it is asserted that the evidence introduced by the plaintiffs shows that they had no title to the property at the time they filed their suit. In ground 2, it is contended that the plaintiffs' uncontradicted evidence shows that, if they had any title, they sold it to O. E. Palmer, and their suit was filed after they had parted with title. In ground 3, it is asserted that, if the deed from Pinkie Frances Arnold to the plaintiffs conveyed title to them, they had parted with the title by deed to O. E. Palmer. In ground 4, it is asserted that the documentary evidence of the plaintiffs excludes the triangular tract of land the plaintiffs seek to recover; and in ground 5, it is contended that the evidence shows that, if Andrew Arnold, the husband of Pinkie Arnold, acquired title, he died intestate and title was vested in his widow and five children. In ground 7, it is contended that the plaintiffs do not show by competent evidence the boundary lines of the tract of land; and in ground 8, it is contended that the evidence shows that the defendant was in possession of the land before Pinkie Frances Arnold claims to have rented it to him in the year 1943. In ground 9, it is asserted that no prescriptive title is shown in the plaintiffs.

These grounds of the amended motion are all elaborations of the general grounds, and are without merit. The documentary evidence introduced by the plaintiffs, and the testimony of witnesses, clearly established every contention of the petition. A plat attached to a Federal Land Bank abstract was introduced without objection. It is certain, clear, and positive, and correctly identifies the land in dispute. The verdict was amply supported by evidence, and the general grounds of the motion for new trial, as amplified by these numbered amended grounds, were properly overruled.

In ground 6, it is contended that the verdict of the jury is contrary to a charge of the court which instructed them that,

before the plaintiffs could recover, they must sustain their contentions by a preponderance of the evidence. The question of whether or not the plaintiffs have sustained their contentions by a preponderance of the evidence is peculiarly within the province of the jury, and this issue having been determined adversely to the defendant, on evidence amply sufficient to support the jury's finding, no error is shown by this ground of the motion.

In ground 10, it is contended that the jury's verdict does not show upon what theory of the plaintiffs' claim of title their verdict is based. The evidence for the plaintiffs is amply sufficient to show both a good paper title to the lands and title by prescription, and there is no requirement of law that the jury should state upon what theory the verdict is based.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents.*

ATKINSON, Presiding Justice, dissenting. I dissent to the ruling in the opinion in so far as it holds that the inclusion of an affidavit of possession by C. L. Powell in the abstract of title attached to the petition did not render the petition subject to special demurrer. It was, under Code § 33-117, proper to attach an abstract of title to the petition. When so attached it is, in effect, a part of the petition (*Lee* v. *Houston,* 120 *Ga.* 529, 48 S. E. 129), and is delivered to the jury. Where it contained an original affidavit, which was not legal evidence, it should have been stricken on special demurrer.