## FLETCHER *v.* FLETCHER.

LUMPKIN, J.   1. The Civil Code, § 4927, provides for applying for an injunction against cutting timber, in certain cases and upon certain conditions therein stated, without the necessity for alleging or proving insolvency of the defendant or the irreparable nature of the damages which will result. But where this section is not relied on, and the plaintiff seeks to enjoin the commission of a trespass on the ground that the defendant is insolvent and the damages will be irreparable, the requirement of that section, that the plaintiff shall attach an abstract of his title, has no application.

2. Where the plaintiff seeks to enjoin a trespass on the ground that the defendant is insolvent and the damages will be irreparable, an allegation that he is the true and lawful owner of the land described in the petition is sufficient to withstand a demurrer.

3. Section 5002 of the Civil Code does not apply to such a case, it not being an action to recover land, but an equitable proceeding to enjoin a trespass.

4. In such an action, where the plaintiff did not affirmatively allege without qualification that he was the owner of the land described, or set up any possession thereof, but alleged merely that he was the only true and lawful owner and had a true and complete title to the land, "as will fully appear by reference to abstract of title hereto attached," and thereupon voluntarily attached such an abstract thus referred to and made a part of his pleading, and where it showed on its face that one of the muniments of title on which the plaintiff relied was a partitioning of land lying in one county by partitioners appointed by the superior court of another county, and there was nothing to show how the court acquired jurisdiction of such partitioning proceeding, the petition was demurrable. *Williamson* v. *White*, 101 *Ga.* 276 (3), 279.

5. The decision in *Yonn* v. *Pittman*, 82 *Ga.* 637, had reference to the abstract of title attached to a statutory action of complaint for land.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*

Argued May 23, — Decided June 15, 1905.

Equitable petition. Before Judge Mitchell. Berrien superior court. September 22, 1904.

*R. A. Hendricks* and *McDonald & Quincey*, for plaintiff.
*H. B. Peeples* and *L. Kennedy*, for defendant.