CHIDSEY *et al. v.* BROOKES *et al.,* trustees, and *vice versa.*

1. A petition in an action to recover land fails to set out a cause of action where the title of the plaintiff to the premises as therein alleged is insufficient in law to support a recovery.
2. The title to lands in Georgia can only pass by devise where the will has been probated in this State according to the statutes in such cases made and provided.
3. A devisee under a will executed and probated in another State can not maintain a suit to recover the land adversely held, until the will has been probated in this State.
4. The ruling in *Doe* v. *Roe,* 31 *Ga.* 593, that "An exemplified copy (conforming to the provisions of the act of Congress) of a testamentary paper, executed, published, probated, and recorded as a last will and testament, in the State of Maryland, may be a good muniment of title to real estate in Georgia, even though the will was neither probated nor recorded in this State," is formally overruled.
5. "When the Supreme Court has before it both a main bill of exceptions and a cross-bill of exceptions, and the latter presents a question which is controlling upon the case as a whole, it will be disposed of first; and if the judgment therein excepted to is reversed, the writ of error issued upon the former will be dismissed."

Argued June 21, 1907.—Decided February 26, 1908.

Complaint for land. Before Judge Wright. Floyd superior court. February 1, 1907.

R. L. Chidsey, W. B. Chidsey, George B. Chidsey, and James Berrien Chidsey and Sarah Frances Chidsey (the last two by their next friend, George F. Chidsey) filed their petition in the superior court of Floyd county against W. W. Brookes, J. B. Sullivan, and others, as trustees of Shorter College, to recover an undivided one-eighth interest in a described lot of land. It was alleged that each of the petitioners was the owner of an undivided one-fortieth interest in the land described; and that the land was in the possession of the defendants, who refused to deliver possession thereof to petitioners, or pay them the mesne profits thereof. Attached to the petition was an abstract of title beginning with the grant from the State to Ambrose Sanders, and terminating in a will alleged to have been executed by S. S. Farrer and probated in the court of ordinary of the district of Charleston, State of South Carolina. The abstract of title was by reference made a part of the petition. The petition was amended by attaching as a part thereof a copy of the will of S. S. Farrer; and by alleging, that upon its probate and record in the district of Charleston, State of South Carolina,

on May 2, 1861, the nominated executors qualified; that they have
never qualified as executors in the State of Georgia; that they as-
sented to the devise of the land sued for, as set out in the third and
seventh items of the will, and assumed no further control of the
land, but delivered possession thereof to the life-tenant to be en-
joyed by her and by the mother of the plaintiffs during her life,
and by the plaintiffs at the termination of the successor's life es-
tate. The petition was amended in other particulars not necessary
to notice. The defendants demurred generally on the ground that
no cause of action was set out in the petition, and specially to cer-
tain paragraphs. The demurrer was overruled, and exceptions pen-
dente lite were filed. The defendants answered, denying the title
of the plaintiffs and their right to the possession of the land. The
case proceeded to trial, and certain documents were allowed in evi-
dence over the objection of the defendants. To the rulings of the
court admitting the same in evidence the defendants excepted pen-
dente lite. At the conclusion of the evidence the court directed a
verdict in favor of the defendants. A motion for new trial was
overruled, and the plaintiffs excepted. The defendants sued out a
cross-bill of exceptions, assigning error upon their exceptions pen-
dente lite.

 *Denny & Harris* and *W. M. Henry,* for plaintiffs.

 *E. H. Callaway, Dean & Dean,* and *Joel Branham,* for defendants.

 ATKINSON, J. (After stating the facts.) "When the Supreme
Court has before it both a main bill of exceptions and a cross-bill
of exceptions, and the latter presents a question which is controlling
upon the case as a whole, it will be disposed of first; and if the
judgment therein excepted to is reversed, the writ of error issued
upon the former will be dismissed." *Rives* v. *Rives,* 113 *Ga.* 392
(39 S. E. 79) ; *Cheshire* v. *Williams,* 101 *Ga.* 814 (29 S. E. 191).
The demurrer in the present case raises the question of the right
of the plaintiffs to recover on the title alleged in the petition. In
the recent case of *Dugas* v. *Hammond,* ante, 87 (60 S. E. 268), this
court held that where the plaintiff set forth in his petition the title
upon which he relied to recover the land, and that title was insuffi-
cient in law, the petition should be dismissed upon demurrer. It
appears from the petition in the present case that the plaintiffs base
their right to recover upon a will probated in the State of South
Carolina, but which had never been probated or admitted to record

in any court in this State. The question is therefore presented of the right of the plaintiffs, whose title is dependent upon a foreign will which had never been probated in this State, to maintain and prosecute an action for the recovery of land.

It is an acknowledged principle of law that the title and disposition of land is exclusively subject to the laws of the State where it is situated, and which alone can prescribe the mode by which title can pass from one person to another. U. S. *v.* Crosby, 7 Cranch, 115 (3 U. S. (L. ed.) 287); Kerr *v.* Moon, 9 Wheat. 565 (6 U. S. (L. ed.) 161); McCommick *v.* Sullivant, 10 Wheat. 192 (6 U. S. (L. ed.) 300); Robertson *v.* Pickrell, 109 U. S. 608 (27 L. ed. 1049, 3 Sup. Ct. 407); Campbell *v.* Porter, 162 U. S. 478 (40 L. ed. 1044, 16 Sup. Ct. 871); Sneed *v.* Ewing, 5 J. J. Mar. 460 (22 Am. D. 41). In this State a paper purely testamentary in character must be probated before it will serve to pass title. *Johnson* v. *Sirmans,* 69 *Ga.* 617. If the will upon which the plaintiffs relied to establish title in themselves had been a domestic will and had never been probated, it would have been inadmissible in evidence as a muniment of title, and ineffectual as a basis of recovery of realty therein attempted to be devised. Under the Civil Code, § 3291, personalty passing under the will of a non-resident, admitted to probate in another State, might be recovered in an action in this State upon a copy of the will and probate thereof, when properly certified according to the act of Congress. In 1878 the legislature first made provision for the probate of a foreign will, and in 1894 another act was passed by the General Assembly for the probate of foreign wills. This latter act is now embodied in the Civil Code, §§ 3298-3306. These sections declare that a will conveying property in this State, executed by persons residing out of this State, shall be treated as a foreign will; and that such foreign will may be admitted to probate in the same manner and upon like proof as in the case of domestic wills, or it may be admitted to probate upon the production of an exemplification of the probate proceedings certified according to the provision of the act of Congress, and may be attacked or resisted on the same grounds as other judicial proceedings from a sister State of the United States. If a foreign probate was sufficient without the domestic probate, then this statute was unnecessary and useless. Its enactment was a legislative appreciation of the general principle that judicial proceed-

ings in one State have no extra-territorial force as to land in another State. The effect of these code sections is to render probate essential to the validity of the will as a conveyance of title, whether the will be domestic or foreign. Similar statutes have been enacted in other States, and have been given this interpretation. McCommick *v.* Sullivant, supra; Thrasher *v.* Ballard, 33 W. Va. 285 (10 S. E. 411, 25 Am. St. R. 894); Lindley *v.* O'Reilly, 50 N. J. L. 636 (15 Atl. 379, 1 L. R. A. 79, 7 Am. St. R. 802). Prior to 1878, and while there was no statutory provision for the probate of a foreign will, it was held by this court that an exemplified copy of a will probated in another State was a good muniment of title to real estate in Georgia, although the will was neither probated nor recorded in this State. *Doe ex dem. Dooley* v. *Roe and McCurley,* 31 *Ga.* 593. Counsel for defendants in error ask leave to review this case on this point. We think the ruling is opposed to the almost. if not quite universal holdings in other jurisdictions. It seems to us that to give conclusive effect to a foreign will disposing of land in this State would be to allow courts of other States to establish the validity of a will disposing of land in Georgia. The learned judge who delivered the opinion of the court predicated this ruling upon the act of Congress which requires full faith and credit to be given in each State to the records and judicial proceedings of all other States. But this provision of the Federal constitution and the act of Congress apply only to the records and proceedings of courts so far as they have jurisdiction, and are not to be construed so as to give a foreign judgment extra-territorial effect in disposing of land in another State. Lindley *v.* O'Reilly, supra, and cases cited. We think that the act of 1894, providing for the probate of a foreign will in this State, impliedly repeals the ruling announced in the *Dooley* case in 31 *Ga.;* but as we deem the ruling there made to be unsound, we formally overrule so much of that case as decides that an exemplification of a probate of a foreign will is admissible in evidence as a muniment of title to real estate in this State, although the will was neither probated nor recorded in this State.

According to the allegations in the petition the title of the plaintiffs depends upon the unprobated foreign will as being effectual to convey title to themselves. It was necessary, therefore, to establish their title that they should have alleged that the will had been probated in this State. The defect in the plaintiffs' title appears upon

the face of their petition; and the court should have sustained the demurrer which challenged the sufficiency of the petition as setting forth a cause of action. Inasmuch as the court should have sustained the demurrer on this ground, it is unnecessary to discuss the other points made in the cross-bill of exceptions or in the main bill of exceptions. Inasmuch as the demurrer should have been sustained, the subsequent trial was nugatory. Accordingly, direction is given that the verdict be set aside and the case be dismissed on the ground that no cause of action was set out in the petition.

*Judgment on the cross-bill of exceptions reversed; main bill of exceptions dismissed. All the Justices concur, except Holden, J., who did not preside.*