CRAWFORD & ASHBY v. CARTER.

PER CURIAM. 1. "An action of complaint for land can not be dismissed on demurrer to the abstract of title annexed to the declaration. The object of the abstract is not to show title in the plaintiff on the face of the pleadings, but only to give notice of what will be relied upon at the trial." *Yonn* v. *Pittman,* 82 *Ga.* 637.

2. In a suit for land in the statutory form the petitioners alleged the following: Defendant is in possession of a specified tract of land situate in the county; "petitioners claim title to said land, being seized thereof in fee;" "defendant refuses to deliver said land to petitioners, though requested so to do," wherefore they pray process, etc. Attached to the petition is an abstract of title originating in 1867, and by mesne conveyances extending to the plaintiffs in 1905. The defendant demurred to the petition, on the ground that it set forth no cause of action, and that "the abstract of title attached to said petition fails to show legal title in plaintiffs in said case in such way as to authorize the plaintiffs to a recovery of the lot of land involved, as against this defendant or any other person." *Held,* that under the ruling quoted in the preceding headnote, the court erred in sustaining the demurrer and dismissing the petition.

(a) The abstract of title was not made a part of the petition by being incorporated therein or attached thereto as an exhibit and made a part thereof; and hence this case does not fall within that class of cases

covered by the rulings in the cases of *Dugas* v. *Hammond*, 130 *Ga.* 87 (60 S. E. 268); *Chidsey* v. *Brookes*, 130 *Ga.* 218 (60 S. E. 529, 14 Ann. Cas. 975).

3. The assignment of error on the allowance by the court, over objection of the plaintiffs, of an amendment to the defendant's answer, can not be considered, since the action of the court in sustaining the demurrer to the petition left no pleadings in the case, the answer being a pleading of the defendant subject to his demurrer testing the sufficiency of plaintiff's petition. See *Cox* v. *Hardee*, 135 *Ga.* 80 (5), 90 (68 S. E. 932).

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*
FEBRUARY 24, 1917.

Complaint for land. Before Judge Fite. Gordon superior court. August 23, 1915.

*Starr & Paschall,* for plaintiffs.

*W. C. Martin* and *J. G. B. Erwin Jr.,* for defendant.