## CHANCEY *v.* JOHNSON.

GEORGE, J. In a petition for injunction against the commission of a trespass on land, upon the ground that the defendant is insolvent and the damages will be·irreparable, it is essential for the plaintiff to allege title in himself or actual possession of the land. In such a case the plaintiff is not required to attach an abstract of his title, but an unqualified allegation that he is the true owner of the land is sufficient to withstand a demurrer.

(*a*) Where in such a case the plaintiff did not allege that he was in the actual possession of the land, but that the land was "not in cultivation, but there is located on it chestnut timber," and did not allege without qualification that he was the true owner of the land, but on the contrary alleged that he was the owner and holder of the title to the land, and voluntarily attached an abstract of his title and made the same a part of the petition, to which reference was prayed, and where the abstract showed on its face that one of the muniments of title on which the plaintiff relied was a deed from certain persons "as next friend, etc., of minors of Enoch Chancey, deceased," to a named grantee (the abstract having previously shown title in Enoch Chancey), and there was nothing to show the authority of the next friend of the minors of Enoch Chancey to execute the deed, or whether the heirs at law of Enoch Chancey were all minors, the petition was demurrable. *Williamson* v. *White,* 101 *Ga.* 276 (3), 279 (28 S. E. 846, 65 Am. St. R. 302); *Fletcher* v. *Fletcher,* 123 *Ga.* 326 (51 S. E. 418); *Ault* v. *Meager,* 112 *Ga.* 148 (37 S. E. 185).

(*b*) The decisions in *Yonn* v. *Pittman,* 82 *Ga.* 637 (9 S. E. 667), and *Crawford* ·v. *Carter,* 146 *Ga.* 526 (91 S. E. 780), have reference to the abstract of title attached to a statutory action of complaint for land. In an action of complaint for land it is not necessary that the documents indicated shall in and of themselves constitute a perfect chain of title; and the petition in such a case can not be dismissed on demurrer to the abstract of title annexed to the declaration, where the same is not made an allegation of the petition. The object of the abstract is only to give notice of what will be relied upon at the time of the trial, and the relevancy of the documents referred to therein may be made apparent by any admissible evidence adduced for that purpose. The abstract is not a part of the petition in such statutory·action, unless voluntarily so made by the pleader. Where, in an equitable petition to enjoin the commission of a trespass on land, the plaintiff alleges

that he is the owner of the true title, as shown by an abstract attached to his petition, marked as an exhibit and expressly made a part thereof, such allegation can not be treated as a simple allegation of title, but will be treated as an allegation that the title is limited to that defined in the abstract. *Dugas* v. *Hammond*, 130 *Ga.* 87 (2, 3) (60 S. E. 268).

(c) It follows that the demurrer to the petition should have been sustained. The error in overruling it rendered the subsequent trial of the case nugatory.

*Judgment reversed.    All the Justices concur, except Fish, C. J., absent.*

No. 722.    MAY 14, 1918.

Equitable petition.    Before Judge Morris.    Gilmer superior court.    October 30, 1917.

*A. H. Burtz* and *D. W. Blair,* for plaintiff in error.

*William Butt,* contra.