BENTLEY *v.* PHILLIPS.

No. 7787.  NOVEMBER 13, 1930.  REHEARING DENIED FEBRUARY 14, 1931.

*H. J. McBride,* for plaintiff in error.

*S. Holderness* and *M. J. Head,* contra.

HINES, J.   (After stating the foregoing facts.)

Does the petition set forth a cause of action which, if proved,

would entitle the plaintiff to a recovery? The demurrer was based upon the grounds that the petition does not allege that the plaintiff has title to the land described therein, and that the abstract of title attached to the petition shows a want of legal title in the plaintiff to the premises; that, while the petition alleges that whatever rights the plaintiff has in the property involved were acquired subject to the rights of the defendant under his purchase of the same from Heaton, it does not appear that plaintiff has the right to receive the purchase-money due by defendant under his contract of purchase, nor is it alleged that there is any amount due upon the purchase-money by the defendant; and that the plaintiff is attempting to abrogate the contract of purchase by the defendant of this land, without offering to restore the status, or to account to defendant for the purchase-money paid and the improvements made by him on this land. These contentions are not well founded. The statutory form of action for recovery of land was not repealed by the pleading act of 1893, which is set forth in the Civil Code (1910), § 5539. The petition in this case was brought under this statutory form of action; and under this form of complaint for land it is not necessary that the complaint should expressly allege that the plaintiff has title to the land sought to be recovered. An allegation that the plaintiff "claims title" to the land is equivalent to an allegation that he has title thereto. *Dugas* v. *Hammond,* 130 *Ga.* 87 (60 S. E. 268). The petition expressly alleges that the plaintiff claims title to this land; and this is a sufficient allegation of title in him to authorize a recovery if it is otherwise sufficient. The further contention that the abstract of title shows title out of the plaintiff is without merit. The abstract of title was not made a part of the petition by being incorporated therein or attached thereto as an exhibit. It does not fall within the class of cases covered by the rulings in *Dugas* v. *Hammond,* supra, and *Chidsey* v. *Brookes,* 130 *Ga.* 218 (60 S. E. 529, 14 Ann. Cas. 975). So if it were true that the abstract in this case showed title out of the plaintiff for any reason, the petition was not demurrable for this reason. *Yonn* v. *Pittman,* 82 *Ga.* 637 (9 S. E. 667); *Crawford* v. *Carter,* 146 *Ga.* 526 (91 S. E. 780); *Chancey* v. *Johnson,* 148 *Ga.* 87 (95 S. E. 975); *Peeples* v. *Rudulph,* 153 *Ga.* 17 (111 S. E. 648).

It is next urged that the petition is demurrable because it does

not appear therefrom that plaintiff has the right to receive the purchase-money due by the defendant under his contract of purchase, and because the petition fails to allege that there is any amount of purchase-money due under said contract. The reply to this contention is that the plaintiff does not seek in his petition to recover the purchase-money due upon the premises in dispute by the defendant under his parol contract of purchase. For this reason it was not necessary for the plaintiff to allege in his petition his right to receive the balance of the purchase-money, or to allege the amount of such purchase-money due under the defendant's contract of purchase. So the petition in this case was not demurrable for this reason. The last contention of the defendant is that the petition is demurrable because the plaintiff is attempting to abrogate the contract of purchase by the defendant of the premises in dispute, without offering to restore the status, or to account to defendant for the purchase-money paid and improvements made by him upon the land so purchased by him. The reply to this contention is that the plaintiff in his petition nowhere seeks to abrogate the contract of purchase made by the defendant with Heaton. On the contrary the plaintiff recognizes such contract, and that the rights of the plaintiff to the premises in dispute are subject to the rights of the defendant under his contract of purchase. For this reason the petition is not demurrable upon this ground. The statutory form of action for the recovery of land, commonly known as the Jack Jones form, need not contain a prayer for the recovery of the premises sought to be recovered. Civil Code (1882), § 3389. It follows that the trial judge did not err in overruling the demurrer.

■ The plaintiff claims title to the premises in dispute under possession of a tract of land known as the McCorkle place, of which the land in dispute is a part, in M. A. McCorkle and his vendee, T. N. Sumner, under bond for title from McCorkle, for more than 20 years prior to January 1, 1918. The plaintiff claims title under derivative conveyances under Sumner. In the view which we take it is unnecessary to determine whether the plaintiff showed a good prescriptive title in Sumner. This is so for the reason which we will now state. A link in the chain of title under which the plaintiff claims is a deed from Richards, sheriff, to the Bank of Tallapoosa, dated January 1, 1918. The executor of

McCorkle reduced to judgment against the administratrix of Sumner the claim of McCorkle against Sumner for the purchase-money of the McCorkle place, which, as we have stated, included the premises in dispute. Execution issued upon this judgment and was levied by the sheriff upon the McCorkle place "as the property of the estate of T. N. Sumner, deceased." No deed placing title in Sumner by the executor of McCorkle for the purpose of levy and sale was introduced in evidence. In cases where a bond for title has been made and the purchase-money has been reduced to judgment by the executor of the vendor, the vendee being dead, the executor must execute to the administrator of the vendee a quitclaim conveyance to the real estate sold, and have the same recorded in the clerk's office; and thereupon the same may be levied upon and sold as other property of the defendant. Civil Code (1910), § 6037. Unless such conveyance is made and recorded, the land embraced in the bond for title can not be levied upon; and a sale under a levy before such conveyance is made and recorded is void, and the sale does not pass title to a purchaser thereat. So in this case it was incumbent upon the plaintiff, in order to show title in the bank, to introduce the deed from the executor of the vendor to the administratrix of the vendee under bond for title, placing the title in the vendee for levy and sale; and upon failure to do so the plaintiff established no title which would entitle him to recover under the sheriff's deed, without more. *National Bank* v. *Danforth*, 80 *Ga.* 56, 69 (7 S. E. 546); *Dedge* v. *Bennett*, 138 *Ga.* 787 (76 S. E. 52); *Coates* v. *Jones*, 142 *Ga.* 237 (82 S. E. 649). For lack of proof of the execution and record of such deed, the plaintiff failed to show such title in himself as would authorize him to recover; and the trial judge erred in directing a verdict for him, he having alleged title in himself, and the defendant in his answer having denied that the plaintiff had such title, unless under another theory, with which we deal later, the evidence demanded a verdict in favor of the plaintiff.

■ It is insisted by the defendant that the verdict amounts to a recovery by the plaintiff of the balance of the purchase-money due by the defendant under his purchase of the premises in dispute; and that no such recovery could be had by the plaintiff, for the reason that this claim had not been assigned to the plaintiff.

This contention is based upon the idea that the plaintiff was suing for the recovery of the balance of the purchase-money due by the defendant on the purchase of the premises in dispute. This is a mistaken notion of the character of the plaintiff's complaint. The complaint is one, as we have seen, for the recovery of the premises in dispute. In his petition the plaintiff does recognize the fact that he holds title to this land subject to whatever rights the defendant may have therein under his oral contract of purchase; and that he is willing to make to the defendant a deed to these premises upon his payment to him of the balance due on the purchase-money thereof. This is in no sense a proceeding by the plaintiff to recover this purchase-money as such. The plaintiff is seeking to enforce his title to the premises for the purpose of enforcing his claim for the balance due on the purchase-money of this land. He recognizes the right of the defendant to have a conveyance from him to this land whenever the defendant pays the balance of the purchase-money due by him. If the defendant purchased this land from the Bank of Tallapoosa under a parol contract, went into possession and erected valuable improvements thereon, and still owes a balance on the purchase-money thereof, and the plaintiff claims title to the land under those who acquired only the interest of the bank in the land, he would only have the right to recover subject to the rights of the defendant therein. In such circumstances the equity of the plaintiff would be to have the defendant pay the balance due on the purchase-money, and the equity of the defendant would be to have title made to him by the plaintiff upon payment of the balance due on the purchase-money of the land. The possession of one who holds land under a bond for title or under a paral contract of sale is not adverse to the vendor or those claiming the vendor's interest in the land, so long as any of the purchase-money is unpaid. *Stamper* v. *Griffin,* 12 *Ga.* 450; *Paxson* v. *Bailey,* 17 *Ga.* 600; *Williams* v. *Cash,* 27 *Ga.* 507 (73 Am. D. 739); *Rutherford* v. *Hobbs,* 63 *Ga.* 243; *Hines* v. *Rutherford,* 67 *Ga.* 606, 612; *Allen* v. *Napier,* 75 *Ga.* 275; *Brown* v. *Huey,* 103 *Ga.* 448 (30 S. E. 429). If the defend-- ant was in possession of this land under a parol contract of purchase from the bank, with part of the purchase-money paid, and was tendered by the plaintiff, who acquired title to the land subject to his rights, a good and solvent warranty of title, the defendant

was put to his election, either to pay the purchase-money or surrender the possession to the vendor. *Cherry* v. *Davis,* 59 *Ga.* 454. In strict justice and under proper defense, the plaintiff would only be entitled to recover the premises in dispute subject to the right of the defendant to pay the balance due on the purchase-money of this land, and convey the same to the defendant, or on default thereof, in strict justice and under proper defense, he would only have the right to a decree directing the sale of the property in order to recover the balance of the purchase-money, with interest, due by the defendant on the purchase of this land, and the defendant would be entitled to any excess of the amount brought at such sale over and above the amount of principal and interest due to the plaintiff.

■ So if the defendant purchased the premises in dispute from the bank, then the plaintiff was entitled to a verdict for the premises in dispute, as the jury found, in the absence of proper pleading on the part of the defendant setting up his equitable rights. But the defendant contends that he did not purchase these premises from the bank, but that he bought them from W. W. Heaton personally, and that the balance of the purchase-money owed by him was due to Heaton and not to the bank. In these circumstances, and as the plaintiff failed to show legal title in himself, defendant insists that the plaintiff was not entitled to a verdict against him for the premises in dispute. On the issue whether the defendant bought from the Bank of Tallapoosa through Heaton, or from Heaton in his individual right, the evidence is conflicting; and this issue should have been submitted to the jury for solution, with instructions as to the effect of their finding one way or the other. But as Heaton was sworn as a witness in behalf of the plaintiff, and testified that this parol sale of this land was made by him for the bank and not in his own right, we shall not grant a new trial if Heaton will, within ten days from the filing of the remittitur in the court below, execute and deliver to the defendant his quitclaim deed to these premises and shall therein renounce all claim to the balance due by defendant on the purchase-money of this land; but if he fails to execute and file such deed with such renunciation, a new trial is granted.

■ The directed verdict found that there was due by the defendant on the purchase-money of this land, at the date of its rendition,

the sum of $1057.33, and decreed that the defendant have the right to pay this sum in five equal installments, with 7 per cent. interest on the whole from date. The defendant excepts to this finding of interest, on the ground that it is illegal. In all cases where a judgment may be obtained, it shall be entered up for the principal sum due, with interest, if the claim on which it was obtained draws interest; but no part of such judgment shall bear interest except the principal which may be due on the original debt. Civil Code (1910), § 5836. No part of a judgment shall bear interest except the principal which may be due on the original debt. Civil Code (1910), § 3432. In construing these sections this court held, in *Hubbard* v. *McRae,* 95 *Ga.* 705 (22 S. E. 714), that where a verdict in favor of a plaintiff manifestly includes both principal and interest, and does not specifically separate the amount of each, a new trial will be granted. So in *Bishop* v. *Pendley Lumber Co.,* 141 *Ga.* 826 (82 S. E. 237), this court held that "A verdict finding in favor of a party a given amount 'including interest,' which does not segregate the principal and the interest, is defective and ambiguous, and the judgment based upon such a verdict, though it attempts to segregate the principal and interest (no basis for the apportionment of the principal and interest as they appear in the judgment being found in the record), will be arrested upon timely motion in arrest of judgment being filed." In *Linder* v. *Renfroe,* 1 *Ga. App.* 58, 66 (57 S. E. 975), the Court of Appeals followed the ruling made in *Hubbard* v. *McRae,* supra. So we are of the opinion that the court erred in directing a verdict for the gross sum of principal and interest, without specifying separately the principal and interest due. The verdict directed requires the payment of interest upon interest; and this is prohibited under the above sections of the Code. For this reason this verdict should be set aside, if this error can not be corrected from the facts appearing in the record. Under the facts in the record the verdict should have been for the principal sum of $600 and the sum of $495.20 interest. We direct that the verdict and decree be so amended as to find that the defendant is due these respective sums on the purchase-money of the premises in dispute, that the principal sum shall alone bear interest, and that the annual payments provided for in the verdict shall bear interest only upon the proportionate share of principal embraced in each annual

878

installment, the interest of such proportionate parts of the principal to be calculated from the date of the rendition of the verdict.

*Judgment affirmed conditionally and with direction. All the Justices concur.*

ON MOTION FOR REHEARING.

HINES, J. We correct the figures in the fifth headnote and the corresponding division of the opinion, so as to make the principal due at the time of the rendition of the verdict in this case the sum of $600, and the interest due at that time $495.20. The motion for rehearing is denied.