## Kirkpatrick et al. v. Faw, executor.

Gilbert, Justice. E. L. Faw as executor of the estate of E. Faw, deceased, filed a complaint for land against Nettie Kirkpatrick and Anna Kirkpatrick, in which he alleged, among other things, as follows: "The petition of E. L. Faw as executor of the estate of E. Faw, deceased, . . brings his complaint," etc. "Prior to the 8th day of March, 1906, petitioner was by the court of ordinary of Cobb County, said State, duly appointed as executor of the estate of E. Faw, deceased. Shortly after the said appointment petitioner duly qualified in terms of the law as such executor, and ever since said time and at this time petitioner has been, and is, the sole executor of the estate and last will and testament of the said E. Faw, deceased. Petitioner annexes hereto an abstract of his title under which he claims the said described land, said abstract being marked Exhibit 'C,' and made a part of this petition and paragraph." The exhibit shows a warranty deed executed by Nettie Kirkpatrick, Laura Kirkpatrick, and Anna Kirkpatrick on March 8, 1906, conveying to "E. L. Faw, executor of the estate of E. Faw," certain realty which is the same as that described in the present suit as being in the possession of the defendants, the title to which is claimed by petitioner except as to two parcels thereof which had been conveyed to defendants by petitioner, as admitted by petitioner, prior to the bringing of the suit. The defendants filed a general demurrer, which was overruled. They filed an answer admitting possession, but denying the right of petitioner. Other pleadings and rulings were involved; but as the assignments of error thereon are not insisted on in the brief of plaintiffs in error, they are not recited here. At the trial the petitioner introduced in evidence a warranty deed executed on March 8, 1906, by the defendants and Laura Kirkpatrick to "E. L. Faw, executor of the estate of E. Faw, his heirs and assigns," conveying the property in dispute, and reciting that it was made to secure a loan of $3407. The petitioner also introduced, over objection of defendants, certified copy of letters testamentary issued on June 4, 1906, by the court of ordinary of Cobb County, to E. Leon Faw as executor of the estate of Enoch Faw. A witness for the defendants testified that Annie Kirkpatrick and Nettie Kirkpatrick were living on the premises in dispute, but that Laura Kirkpatrick was not. The court directed a verdict for the petitioner. The defendants moved for a new trial on the general grounds, and thereafter added a special ground that the court erred in admitting in evidence letters testamentary issued to E. L. Faw as executor of the estate of E. Faw, deceased, because, as urged by defendants, the petition had been brought by E. L. Faw as executor under appointment by the court of ordinary of Cobb County and not as executor under the will of E. Faw, deceased, and that the admission in evidence of such letters was, in effect, making a new party as petitioner. The motion was overruled, and the defendants excepted. Error was assigned on the judgment overruling the demurrer; on the direction of the verdict, and on the overruling of the motion for a new trial. Plaintiffs in error urge in their brief that there was no party plaintiff as executor of the estate of E. Faw, and no title in petitioner as executor of the estate of E. Faw. *Held:*

1. Construed as a whole, the petition shows that the suit was brought as plaintiff by E. L. Faw as executor of the estate of E. Faw, deceased, the statement that he was "appointed" by the ordinary of Cobb County as such executor being treated, in the absence of a timely special demurrer, as merely an inadvertent use of the word "appointed" for the word "qualified."

2. In such a suit, instituted in his representative capacity, a warranty deed executed and delivered to "E. L. Faw, executor of the estate of E. Faw, deceased," may be treated by the executor as having been executed and delivered to him for and on behalf of the estate he represented, and be asserted as the title on which, as executor of the estate of E. Faw, deceased, he relies in the complaint for land. *Gilbert* v. *Hardwick*, 11 *Ga.* 599 (3); *Daniel* v. *Hollingshead*, 16 *Ga.* 190. And see *Jennings* v. *Wright*, 54 *Ga.* 537, 539; *Dozier* v. *McWhorter*, 117 *Ga.* 786, 789 (45 S. E. 61).

3. The certified copy of letters testamentary was properly admitted in evidence as showing the authority of the plaintiff to bring the suit in his representative capacity.

4. Where the plaintiff alleges he is the owner of the true title, as shown by an abstract attached to his petition and expressly made a part thereof, such allegation will be treated as an allegation that the title is limited to that defined in the abstract. *Dugas* v. *Hammond*, 130 *Ga.* 87 (3) (60 S. E. 268); *Chancey* v. *Johnson*, 148 *Ga.* 87 (b) (95 S. E. 975). "A deed to secure debt is the equivalent of a common-law mortgage. It conveys the legal title, but, in the absence of an express agreement to the contrary, gives the grantee no right of entry prior to the maturity of the debt." Powell on Actions for Land, 183, § 155. The abstract of title attached to the petition in the present case, and expressly made a part thereof, showing that the warranty deed which the plaintiff relied on was given to secure a loan; and it not being alleged that the debt was due and unpaid, no right of entry upon the land sued for was shown, and the court erred in overruling the general demurrer on the ground that the petition did not set forth a cause of action. Because of the error of the court in overruling the general demurrer, all of the proceedings thereafter were nugatory.

*Judgment reversed. All the Justices concur.*

No. 10826. June 14, 1935. Rehearing denied July 11, 1935.

*H. B. Moss*, for plaintiffs in error.
*John H. Boston* and *Morris & Welsch*, contra.