*J. L. Smith,* for plaintiff.   *Boykin & Boykin,* for defendants.

GRAY *v.* BRADFORD *et al.*

No. 14251.   SEPTEMBER 19, 1942.

494

*Gleason & Collins,* for plaintiff in error.

*J. M. C. Townsend* and *McClure, Hale & McClure,* contra.

DUCKWORTH, Justice. ■ "In a petition for injunction against the commission of a trespass on land, upon the ground that the defendant is insolvent and the damages will be irreparable, it is essential for the plaintiff to allege title in himself or actual possession of the land. In such a case the plaintiff is not required to attach an abstract of his title, but an unqualified allegation that he is the true owner of the land is sufficient to withstand a demurrer." *Chancey* v. *Johnson,* 148 *Ga.* 87 (95 S. E. 975). "An allegation that a party is the owner of specified realty is an allegation of an ultimate fact and not a conclusion of law." *Domin* v. *Brush,* 174 *Ga.* 32 (161 S. E. 809). The instant petition, unqualifiedly alleging that the plaintiffs owned the land on which the acts of trespass were being committed, was sufficient to withstand the demurrer on the ground that the plaintiffs' title was not shown thereby. See *Fletcher* v. *Fletcher,* 123 *Ga.* 326 (2) (51 S. E. 418). No other grounds of demurrer are insisted on in this court.

■ By amendment the plaintiffs attached to their petition an abstract of title. The object of attaching an abstract in such a case is not to show title in the plaintiff on the face of the pleadings, but only to give notice of what will be relied upon at the trial, and defects in the abstract will not render the petition demurrable. *Yonn* v. *Pittman,* 82 *Ga.* 637 (9 S. E. 667); *Bentley* v. *Phillips,* 171 *Ga.* 866 (156 S. E. 898). However, if the abstract is incorporated in the petition, or if the plaintiff limits his claim of title to that shown by the attached abstract, the petition is demurrable if the abstract fails to show a good chain of title into

the plaintiff. *Chancey* v. *Johnson,* supra; *Kirkpatrick* v. *Faw,* 180 *Ga.* 764 (4) (180 S. E. 727). In the instant case the plaintiffs' petition contained an unqualified averment that they owned the land, and there was nothing in the amendment to show that this averment was limited to the title as shown by the attached abstract. The court properly overruled the defendant's motion to strike the petition on the ground that the abstract was defective. Neither did the court err in refusing to strike the abstract iself. As shown in the preceding division of this opinion, the plaintiffs were not required to put the defendant on notice as to what evidence would be relied on to show title. The defendant then can not complain if the plaintiffs in giving such notice do not give a detailed account of each conveyance referred to in the abstract. See also *Peeples* v. *Rudulph,* 153 *Ga.* 17 (111 S. E. 548); *Allen* v. *Potter,* 153 *Ga.* 24, 27 (111 S. E. 549).

■ As a part of their chain of title the plaintiffs introduced in evidence a quitclaim deed from Wilson Hardy, "receiver of the Newsom property, by appointment of the superior court of Dade County, Georgia, in the case of Graham Wright, assignee, *vs.* B. W. Newsom," to Mrs. M. P. Kenney, Don M. Kenney, and O. H. P. Kenney. The defendant objected to the introduction of this deed, because the receiver's authority to execute it was not shown in connection therewith, and he assigned error on the ruling admitting the deed in evidence over the objection. A receiver has no authority to dispose of property in his hands, in the absence of an order or decree authorizing the same from the court under which he holds his appointment. Code, § 55-307. It is also well established that where an order of court is necessary to authorize a sale, title through such a conveyance can not be shown without producing the order of court in connection with the deed. *Durden* v. *Phillips,* 166 *Ga.* 689 (144 S. E. 313); *Porter* v. *LaGrange Banking & Trust Co.,* 187 *Ga.* 528 (2) (1 S. E. 2d, 441), and cit. However, counsel for the defendant in error make the contention that the court was authorized to take judicial notice of its own minutes in the receivership case referred to in the deed, and satisfy itself that the necessary order had been passed. There is nothing in the record to indicate that the court purported to take judicial notice of its own minutes in the receivership case; but even if it had done so, such action would have been unau-

thorized. In the trial of one case the court can not take judicial notice of the record in another case in the same court, without its formal introduction in evidence. *Glaze* v. *Bogle,* 105 *Ga.* 295 (3) (31 S. E. 169) ; *O'Connor* v. *United States,* 11 *Ga. App.* 246 (4) (75 S. E. 110). It follows that the court erred in admitting the receiver's deed in evidence over the defendant's objection. Since this deed was an essential link in the plaintiffs' chain of title, the directed verdict in favor of the plaintiffs was unauthorized.

■ The defendant objected to the introduction in evidence of a deed from Mrs. M. P. Kenney, Don. M. Kenney, and O. H. P. Kenney, "being all of the heirs at law of M. P. Kenney," to Grady Bradford, on the ground that no evidence was introduced to show that M. P. Kenney was dead, that he left no debts, etc. Under the circumstances of this case the defendant's objections were without merit. The chain of title relied on did not come through M. P. Kenney, and the evidence does not show that this person ever had any interest in the land. The grantors in this deed were the grantees in the preceding deed of the chain of title, and the fact that they described themselves as "the heirs at law of M. P. Kenney" can in no wise be construed to limit the effectiveness of their deed for the purpose of conveying the title which was shown to have passed to them.

Since the judgment is reversed on another ground, and the questions raised by the motions for continuance are not likely to occur on another trial, no ruling will be made thereon.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., who dissents.*