FOSTER *v.* ROWLAND.

No. 14356. NOVEMBER 10, 1942.

*Joe M. Lang,* for plaintiff.   *Y. A. Henderson,* for defendant.

REID, Chief Justice.   ■   "To the petition for the recovery of land and mesne profits the plaintiff shall annex an abstract of the title relied on for such recovery." Code, § 33-117. In *Yonn* v. *Pittman,* 82 *Ga.* 637 (9 S. E. 667), this court held: "An action of complaint for land can 'not be dismissed on demurrer to the abstract of title annexed to the declaration. The object of the abstract is not to show title in the plaintiff on the face of the pleadings, but only to give notice of what will be relied upon at the trial." *Peeples* v. *Rudulph,* 153 *Ga.* 17 (111 S. E. 548); *Allen* v. *Potter,* 153 *Ga.* 24 (2), 27 (111 S. E. 549); *Callahan* v. *Beeland,* 170 *Ga.* 760 (154 S. E. 226); *Bentley* v. *Phillips,* 171 *Ga.* 866 (156 S. E. 898); *Gray* v. *Bradford,* 194 *Ga.* 492 (22 S. E. 2d, 43). In *Rooks* v. *Tucker,* 129 *Ga.* 744 (59 S. E. 778), it was held: "A plaintiff bringing suit for land, in statutory form, can allege facts showing title inside the petition instead of annexing thereto an abstract of title." The abstract of title is not a part of the petition in a statutory action for land, unless voluntarily made so by the pleader. However, if the petition and the abstract incorporated therein, or. attached thereto and expressly made a part thereof, shows that the plaintiff limits his claim of title to that shown by the abstract, the petition is demurrable if the abstract fails to show a good chain of title in the plaintiff. *Chancey* v. *Johnson,* 148 *Ga.* 87 (95 S. E. 975); *Kirkpatrick* v. *Faw,* 180 *Ga.* 764 (4) (180 S. E. 727). When the plaintiff in a statutory action for land alleges that he claims title thereto by being seized thereof in fee, the mere fact that an abstract is annexed does not make the

petition subject to dismissal on demurrer on the ground that the petition sets forth no cause of action, and that the abstract attached to the petition fails to show legal title in the plaintiff. *Crawford* v. *Carter,* 146 *Ga.* 526 (91 S. E. 780). But in *Dugas* v. *Hammond,* 130 *Ga.* 87 (2, 3) (60 S. E. 268), it was held: "The allegation in the statutory form of complaint for land, that the plaintiff 'claims title' to the land, is the equivalent of an allegation of title. Where the petition departs from the statutory form and alleges that the plaintiff 'claims title' under an abstract of title annexed to the petition, this is equivalent to an allegation that the plaintiff's title is as defined in his abstract."

In *Chidsey* v. *Brookes,* 130 *Ga.* 218 (60 S. E. 529, 14 Ann. Cas. 975), the abstract of title was by reference made a part of the petition, and this court said: "In the recent case of *Dugas* v. *Hammond,* ante, 87 (60 S. E. 268), this court held that where the plaintiff set forth in his petition the title upon which he relied, and that title was insufficient in law, the petition should be dismissed on demurrer." An allegation that a party is the owner of specified realty is an allegation of an ultimate fact, and not a conclusion of law. *Domin* v. *Brush,* 174 *Ga.* 32 (161 S. E. 809); *Gray* v. *Bradford,* supra. Nothing to the contrary was held in *Weyman* v. *Atlanta,* 122 *Ga.* 539 (2, 3) (50 S. E. 492), which was an equitable action seeking to remove an alleged cloud upon title, and in which the petition averred that the city lot was vacant, but did not aver that the property belonged to Mrs. Thompson at the time it was levied on for taxes, and the fact that both parties claimed under a common grantor was relied on. In the instant case the plaintiff unqualifiedly alleges (paragraph 2) that he owns the land; and (paragraph 3) he alleges that he and his predecessors in title have owned and been in possession thereof for more than thirty years. Although he alleges (paragraph 3) that his title is derived through certain persons, and, responsively to the defendant's demurrer, by amendment he alleges in more detail how his title is derived, whether or not the amendment was necessary, we do not think the plaintiff's claim of title was limited to the abstract, so as to make the petition or abstract demurrable within the rulings in the cases cited, supra. Accordingly, it was error to dismiss the plaintiff's action on demurrer.

*Judgment reversed. All the Justices concur.*