PALMER *v.* MANN *et al.*

No. 15659.  JANUARY 9, 1947.  REHEARING DENIED FEBRUARY 7, 1947.

*W. E. Armistead,* for plaintiff in error.   *E. L. Reagan,* contra.

JENKINS, Chief Justice. 1. "An action of complaint for land can not be dismissed on demurrer to the abstract of title annexed to the declaration. The object of the abstract is not to show title in the plaintiff on the face of the pleadings, but only to give notice of what will be relied upon at the trial." *Crawford* v. *Carter,* 146 *Ga.* 526 (91 S. E. 780); *Chancey* v. *Johnson,* 148 *Ga.* 87 (95 S. E. 975); *Peeples* v. *Rudulph,* 153 *Ga.* 17 (111 S. E. 548); *Yonn* v. *Pittman,* 82 *Ga.* 637 (1) (9 S. E. 667).

2. In an action of ejectment the premises are described with sufficient certainty, if the description furnishes the key to the identification of the land sued for, and parol testimony or other extrinsic evidence would be allowable to show the location of the lines and corners set forth therein. *Jackson* v. *Sanders,* 199 *Ga.* 222, 224 (1) (33 S. E. 2d, 711, 159 A. L. R. 638); *Holcombe* v. *Dinsmore,* 164 *Ga.* 200 (137 S. E. 924). The amended description of the six-acre parcel of land not only furnishes a key to its identification, but is also sufficiently definite in and of itself to base a writ of possession thereon.

The description of the six acres embodied in the amendment to the petition is supplementary to the original description and original plat. Both the amended description and the new plat are specific and complete, the description referring to and the plat indicating definite permanent landmarks and corners. Both the amended description and the plat show the distances between the indicated landmarks. The amended description indicates not only such distances, but the courses or direction as well. While it would seem that the compass arrow marked at the top of both of the plats is somewhat inaccurate, in that, commencing with the first-stated course and distance as set forth by the amended description, it appears that the "compass arrow" should have been made to point "east" instead of "north," it seems clear that the specific amended description will take precedence of any merely inaccurate compass symbol as indicated at the top of the two plats.

The contention which is many times stressed in the renewed demurrer, and which is mainly urged in the plaintiff in error's brief, is that the amendment seeks to set up a new cause of action, in that the land sued for as originally described, and the land described in the amendment and illustrated by the new plat are altogether distinct and different. The contention is that, while the original plat

and the new plat are substantially identical except that the new plat indicates the corner landmarks and gives the distances between them, the courses and distances set forth in the amended *description* can not be taken to describe the six acres as "in the extreme southern part of the west half of lot No. 134," and that the six acres was thus described in the original petition. It will be recalled from the description in the original petition that the thirty-four-acre portion of the forty-acre tract, and the six-acre portion belong to different land lots—the thirty-four acres to lot No. *123* and the six acres to lot No. *134*. Neither plat indicates the land lots at all. Both plats show the thirty-four acres lying on one side of a designated public road, and the six acres, triangular in form, lying on the other side. The adjoining landowners are indicated on both plats. The three corners of the six acres are definitely fixed both by the amended description and by the new plat. We are unable to see how, from the face of the record, the six acres can not lie "in the extreme southern part of the west half of lot No. 134," when we take the courses and distances from the amended description. If we take the compass symbol marked at the top of the page on both plats as controlling over the expressed description, there would be trouble; but, as already stated, we feel unauthorized to apply such a rule, especially when the precise difficulty was not pointed out by the demurrers. Nor is this court able to say as a matter of law that the description originally set forth as the basis of the plaintiffs' paper title does not include, as alleged, the six acres sued for. As we see and understand the record, the basis of this contention is just the same as in the point just dealt with.

3. The ground of demurrer attacking the amendment setting up an additional claim of title by prescription by virtue of more than seven-years' possession under a deed—the attack being based on the fact that at the time the suit was instituted the petition shows that the plaintiffs were not in possession, but that possession had recently been taken by the defendant—is without merit. In *Peeples* v. *Rudulph,* 153 *Ga.* 17 (3) (111 S. E. 548), this court said: "Prior to 1863 a statute of limitation, as applied to suits for land, was recognized in this State; and even though the adverse possession had been held for such a length of time as to bar any suit brought by the true owner to recover land, yet, if subsequently the adverse possession was abandoned, the true owner's rights again

attached. *Russell* v. *Slaton*, 25 *Ga.* 193; *Vickery* v. *Benson*, 26 *Ga.* 582 (3); *Long* v. *Young*, 28 *Ga.* 130. By the Code of 1863 the doctrine of title by prescription was introduced in this State. See Code of 1863, §§ 2641, 2642; Civil Code (1910), §§ 4168, 4169. While a prescriptive title may be extinguished by the ripening of a prescription in favor of a subsequent adverse possession (*Godley* v. *Barnes*, 132 *Ga.* 513 (64 S. E. 546)) yet if adverse possession be held for seven years under color of title, a title by prescription arises, and that title is not lost or impaired by any subsequent abandonment of the adverse possession. *Milliken* v. *Kennedy*, 87 *Ga.* 463 (13 S. E. 635); *Tarver* v. *Deppen*, 132 *Ga.* 798 (7), 800 (65 S. E. 177, 24 L. R. A. (N. S.) 1161)." See also, in this connection, *Hightower* v. *Blakely Hardwood Lumber Co.*, 163 *Ga.* 776, 777 (2) (137 S. E. 22).

*Judgment affirmed. All the Justices concur.*