20081. CARROLL *v.* CRAIG *et al.*

HAWKINS, Justice. This was a statutory action in ejectment in which the plaintiffs alleged that the defendant was in possession of a tract of land described in paragraph 1 of the petition to which the plaintiffs claimed title, and for mesne profits, the description of land set out in the petition embracing 187 acres, more of less, of Land Lot 163, conveyed by the warranty deed from the defendant to the plaintiffs. The defendant filed his answer and cross-action in which he disclaimed any title or right of possession in and to that part of Land Lot 163 lying south of the right-of-way of the W. & T. Railroad, and alleged that the plaintiffs owned no part of Land Lot 163 lying north of the southern boundary of the railroad right-of-way, but that he owned all of the said land lot lying north of the southern boundary of the right-of-way; that the plaintiffs had encroached and trespassed on that part of Land Lot 163 north

of the right-of-way, and prayed for an injunction restraining and enjoining the plaintiffs temporarily and permanently from trespassing on or going upon any part of the lot north of the southern boundary of the railroad right-of-way; that said line be decreed and adjudged the dividing line between the lands of the plaintiffs and of the defendant, and that the defendant recover mesne profits for the use of the land. By an amendment the plaintiffs clarified their petition, showing that the land in controversy was only that part of Land Lot 163 lying north of the southern boundary of the railroad right-of-way, and admitting they were in possession of that part of the land lot south of such boundary. There was attached to the plaintiffs' original petition, but not referred to therein as an exhibit or expressly made a part thereof, copy of the deed from the defendant to the plaintiffs which contained the following description: "That tract or parcel of land, lying and being in the First Land District of Laurens County, Georgia, and being located in Lot No. 163 in said land district containing 187·acres, more or less, and being bounded on the east by Kellam Street; on the north by the old right-of-way of W. & T. Railroad; on the west by T. C. Waldrep; on the south by public road, Kreutz lands; Joe Samuels and Hampton lands; said described real estate is all of that tract of land conveyed to first party by John Hancock Mutual Life Insurance Company, on December 11, 1940, except 2.57 acres, conveyed by first party to Stokes Mill & Elevator Company by deed dated May 1, 1952, and recorded in Deed Book 119, page 499, to which said deed, and the plat therein referred to, reference is made for the excepted 2.57 acres referred to. Deed from John Hancock Mutual Life Insurance Company to first party recorded in Deed Book 86, page 150, Clerk's office, Laurens Superior Court."

There was also attached to the petition in like manner a copy of the deed from John Hancock Mutual Life Insurance Company to the defendant, the description therein contained including the portion of Land Lot 163 lying north of the southern boundary of the railroad right-of-way above referred to. To this petition the defendant demurred generally on the grounds: (1) There is no cause of action set forth; (2) the petition, together with the copies of the deeds attached thereto, shows on its face that the plaintiffs have no title to or right of possession of any part of Land Lot 163 which lies north of the

southern boundary of the old right-of-way of the Wrightsville & Tennille Railroad. There were also certain special demurrers which are expressly abandoned. The plaintiffs thereafter filed a second amendment to the petition, adding a second count alleging that, through a mutual mistake, the plaintiffs and the defendant believed that the southern boundary of the right-of-way was the boundary of Land Lot 163; that the parties intended that said deed convey title to all of the property conveyed to the defendant by John Hancock Mutual Life Insurance Company except 2.57 acres which the defendant had previously conveyed to a third party; that the land of the insurance company actually included that part of Land Lot 163 lying north of the southern boundary of the right-of-way, and the plaintiffs prayed for reformation of the defendant's deed to speak the true intent of the parties. To this amendment the defendant interposed his motion to strike and demurrer, and demurred generally to the petition as thus amended on the grounds: Said amendment adds a new and distinct cause of action; the original petition does not contain a cause of action, and it cannot be amended by substituting a different statement of facts; that the original petition is not amendable because there is not enough in it to amend by; that the allegations of the amendment are inconsistent with the allegations of the original petition in that, having elected to sue at law in ejectment, the plaintiffs have elected to pursue a remedy which is inconsistent with that of reformation of the deed. The defendant also specially demurred to the allegations of paragraph 3 of the amendment which alleged the purchase price of the property paid by the plaintiff to the defendant upon the ground that such allegations were irrelevant, immaterial, and highly impertinent, inflammatory and prejudicial, and to paragraphs 6, 7, 8, 9 and 10 as to the agreement between the parties with respect to the land to be conveyed not being in writing, and mistake on the part of both the plaintiffs and the defendant as to the northern boundary of the property, being merely the conclusions and opinions of the pleader and insufficient to support a case of mutual mistake. All demurrers, both general and special, were overruled, and to these judgments the defendant excepts.

On the trial of the case, at the close of all the evidence, the defendant made a motion for a directed verdict in his favor,

which was overruled and denied by the court. The jury returned a verdict in favor of the plaintiffs for reformation of the deed in question. The defendant duly filed his motion for a new trial on the general grouds, which was later amended by the addition of three special grounds (the third special ground having been abandoned), and his motion for judgment notwithstanding the verdict, both of which were denied by the trial judge, and to these judgments he also excepts. *Held:*

1. While it is a well established principle of law that, where property is described by metes and bounds, such description prevails over all other descriptions (*Carswell* v. *Sanders,* 182 *Ga.* 251, 185 S. E. 282; *Floyd* v. *Carswell,* 211 *Ga.* 36, 39, 83 S. E. 2d 586), and while a petition to recover land fails to state a cause of action and will be dismissed on demurrer where the abstract incorporated in the petition or attached thereto and expressly made a part thereof shows that the plaintiffs limit their claim of title to that shown by the abstract, and the title there alleged is insufficient in law to authorize a recovery (*Ragan* v. *Shiver,* 130 *Ga.* 474, 61 S. E. 1; *Kirkpatrick* v. *Faw,* 180 *Ga.* 764, 765 (4), 180 S. E. 727; *Southern Union Mutual Ins. Co.* v. *Mingledorff,* 211 *Ga.* 514 (2), 87 S. E. 2d 54, and cases there cited), where, as here, the petition expressly alleges that the plaintiffs claimed title to the land therein described, this is a sufficient allegation of title in them, and where the copies of deeds attached to the original petition are not made a part thereof or attached thereto or referred to therein as exhibits, the demurrer to the original petition on the ground that the copies of deeds attached thereto show that the plaintiffs have no title to the property claimed by them is without merit. *Bentley* v. *Phillips,* 171 *Ga.* 866 (156 S. E. 898); *Crawford & Ashby* v. *Carter,* 146 *Ga.* 526 (2a) (91 S. E. 780); *Chancey* v. *Johnson,* 148 *Ga.* 87 (95 S. E. 975); *Foster* v. *Rowland,* 194 *Ga.* 845 (22 S. E. 2d 777); *Palmer* v. *Mann,* 202 *Ga.* 35 (41 S. E. 2d 304).

2. In Powell on Actions for Land (Revised Edition by Powell and Mitchell), p. 124, § 126, it is said: "The plaintiff in ejectment, whether the action be in the statutory or in the fictitious form, may either concurrently with the filing of the suit or at any time thereafter, while the case is still pending (unless prevented by a question of venue), file an amendment to his petition in the nature of a supplemental proceeding, setting up any

special equitable right," and in *Chapman* v. *Cassels Co.*, 180 *Ga.* 349, 353 (179 S. E. 91), it is held that if the action be in a county in which equitable relief can be claimed against the defendant, the plaintiff may amend so as to reform a deed in his title chain, and that such an amendment is not subject to demurrer on the ground that the amendment seeks to reform a deed in the same action wherein the deed sought to be reformed is relied on as a basis of title to the lands in question, or on the ground that there is no authority for the reformation of a deed in the same action wherein it is sought to give effect to the terms of the proffered deed. See also *Sawyer Coal & Ice Co.* v. *Kinnett-Odom Co.*, 192 *Ga.* 166 (14 S. E. 2d 879); *Mims* v. *Lifsey*, 192 *Ga.* 366 (15 S. E. 2d 440); *Martin* v. *Oakhurst Development Corp.*, 197 *Ga.* 288 (3) (29 S. E. 2d 179).

3. Applying the foregoing rulings to the pleadings in this case, the trial judge did not err in overruling the general demurrers to the original petition, to the second amendment to the petition, and to the petition as amended. Nor did the trial judge err in overruling the special demurrers to the amendment to the petition.

4. While the evidence was in sharp conflict, there was evidence to support the verdict, and the trial judge did not err in overruling the general grounds of the motion for a new trial and the motion for judgment notwithstanding the verdict.

5. Under Code § 37-202 it is provided that the power of a court of equity to reform the description in a deed on the ground of mutual mistake shall be exercised with caution, "and to justify it the evidence shall be clear, unequivocal, and decisive as to the mistake." See also *Wyche* v. *Greene*, 16 *Ga.* 49; *Prince* v. *Friedman*, 202 *Ga.* 136, 138 (42 S. E. 2d 434); *Minor* v. *Fincher*, 206 *Ga.* 721 (3) (58 S. E. 2d 389). It was therefore error, as complained of in the first special ground of the motion for a new trial, for the court to instruct the jury that the party seeking reformation could establish his right thereto by a preponderance of the evidence only.

6. "Instructions inapplicable to the pleadings and the evidence should not be given to the jury; and where such instructions submit to the jury an issue and a theory not supported by the pleadings and evidence, a new trial will be granted." *Hand* v. *Matthews*, 153 *Ga.* 75 (3) (111 S. E. 408). Since neither

the pleadings nor the evidence raised any issue as to a mistake of law, it was error for the court to charge the jury with reference thereto, as complained of in the second special ground of the motion for a new trial.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED MAY 13, 1958—DECIDED JUNE 4, 1958—
REHEARING DENIED JUNE 23, 1958.

*Carl K. Nelson, Jr., Nelson & Nelson,* for plaintiff in error.
*Larsen & Larsen,* contra.