## 59038. INGRAM v. JACKSON.

QUILLIAN, Presiding Judge.

This is an action for damages resulting from a collision between appellee on a bicycle and appellant in his automobile. In darkness on an unilluminated street appellee was riding a bicycle down a hill on the right side and appellant was driving up the hill on the other side with his headlights on. Not seeing appellee, appellant made a left turn into a side street and into appellee's path, the bicycle and automobile collided and appellee was injured. The jury returned a verdict for appellee. *Held:*

1. Appellant contends that the trial court erroneously charged the jury that a violation of a motor vehicle equipment statute, of which there was no evidence, would be negligence as a matter of law. We agree and reverse. After charging on negligence generally and specifically that a party would be negligent as a matter of law if he violated certain laws regulating traffic, the trial court said that following sections of the Georgia Code were in effect at the time of the occurrence. A substantial portion of Code Ann. § 68-1713 (Ga. L. 1953, Nov. Sess., pp. 556, 608; 1955, Extra Sess., p. 25) was then read to the jury, followed by various other Code sections. Code Ann. § 68-1713 is a motor vehicle equipment statute which requires that motor vehicles shall have multiple beam driving lights with the upper beam capable of projecting so as to reveal persons and vehicles at least 350 feet ahead and a lower beam the same at least 100 feet ahead. There was no evidence whatever that appellant's vehicle lights were in violation of this section. On the contrary the

evidence was undisputed that his lights were in proper working order and that he had his headlights on low beam. Appellant did acknowledge in cross examination that he did not know the minimum range requirements for high beams.

A vital issue in the case was whether appellant could or should have seen appellee before turning into his path. There was conflicting evidence on whether appellee had a light on the front of the bicycle, how fast he was moving, and the brightness of his clothing. Under the circumstances the erroneous charge, coupled with evidence that appellant had his lights on low beam and did not know the distance requirements for high beam, at best would have confused the jury.

"A charge which confuses the issues in the case and injects into the case issues not made by the pleadings or the evidence is presumptively harmful to the losing party. *Seibers v. Morris,* 226 Ga. 813, 816-817 (177 SE2d 705)." *American Motorist Ins. Co. v. Sutton,* 148 Ga. App. 872, 877 (253 SE2d 256). "Harmful error results when an inapplicable instruction might reasonably draw the jury away from the true issues in dispute or if the erroneous instruction is inapplicable to a vital issue in the case." *General GMC Trucks v. Crockett,* 145 Ga. App. 503, 505 (244 SE2d 78); *Hand v. Matthews,* 153 Ga. 75 (3) (111 SE 408); *Rowe v. Cole,* 176 Ga. 592 (7) (168 SE 882); *Carroll v. Craig,* 214 Ga. 257 (6) (104 SE2d 215). We hold the error harmful here.

2. The remaining enumerations are either not meritorious, mooted by the above holding, or unlikely to recur at a new trial.

*Judgment reversed. Shulman and Carley, JJ., concur.*

SUBMITTED JANUARY 7, 1980 — DECIDED JANUARY 29, 1980.

*Wallace Miller, III,* for appellant.
*Neal D. McKinney, Richard B. Thornton,* for appellee.