## A95A1064. GANSEREIT v. GANSEREIT.
(463 SE2d 65)

McMurray, Presiding Judge.

Ernest J. Gansereit, a resident of New Jersey, brought an action against his brother, Raymond F. Gansereit, to recover $8,000 allegedly due under a promissory note. Raymond F. Gansereit admitted owing the money, but counterclaimed because he felt that his brother (in years past) had cheated him out of his inheritance. Specifically, Raymond F. Gansereit filed a document entitled, "COUNTERCLAIM TO SET ASIDE DEED," and therein alleged that Ernest J. Gansereit had unduly influenced the brothers' parents into selling him their New Jersey residence for a fraction of its true market value. In a portion of the counterclaim entitled, "PETITION TO SET ASIDE DEED," Raymond F. Gansereit asked the trial court to set aside the New Jersey deed transferring his parents' former residence to Ernest J. Gansereit "so that the home and its contents might be rightfully distributed to the rightful heirs at law[.]"

The trial court entered judgment in favor of Ernest J. Gansereit based on Raymond F. Gansereit's admission that he owed his brother $8,000, and dismissed Raymond F. Gansereit's counterclaim, finding no authority for a Georgia court to set aside a New Jersey real property transaction "predicated on a permissive counterclaim completely unrelated to the underlying Georgia action." This appeal followed. *Held*:

1. The trial court had no jurisdiction over Raymond F. Gansereit's permissive "COUNTERCLAIM TO SET ASIDE DEED" and "PETITION TO SET ASIDE DEED." See OCGA § 9-11-13 (b). No Georgia court has direct power or authority to set aside an instrument transferring title to real property in another state. See 32 ALR3d 1330, 1336, § 3. Such in rem proceedings may only be affected in the jurisdiction where the real property is located. *King v. King*, 203 Ga. 811, 817 (2) (48 SE2d 465); *Chidsey v. Brookes*, 130 Ga. 218, 220 (60 SE 529). Nonetheless, Raymond F. Gansereit contends the trial court had authority to set aside the New Jersey deed, arguing that, "in domestic relations litigation, Georgia courts have routinely granted full faith and credit to the decisions reached by courts of other states regarding land located in Georgia." This argument is without merit.

While an out-of-state divorce decree may indirectly affect the disposition of real property in another state, enforcement of such a decree is not based upon the outside jurisdiction's power over the affected real property. It is based upon the foreign court's authority to adjudicate personal rights and equities between parties with competing interest in out-of-state realty. See *Economou v. Economou*, 196 Ga. App. 196 (6) (395 SE2d 830), and 34 ALR3d 962, 965, § 2. In the case sub judice, Raymond F. Gansereit's counterclaim is not based

upon such in personam principles. It is based upon an alleged fraudulent conveyance and calls for judicial dissolution of the resulting faulty muniment of title, i.e., setting aside the New Jersey deed evidencing the alleged fraudulent transaction. Since the trial court in the case sub judice has no power or authority to effect such affirmative relief, there was no error in dismissing Raymond F. Gansereit's permissive counterclaim.

2. Ernest J. Gansereit's motion to dismiss this appeal is denied. And so is his motion for this Court to impose a penalty for frivolous appeal. See Court of Appeals Rule 15 (b).

*Judgment affirmed. Motions to dismiss denied. Motion for penalties for frivolous appeal denied. Andrews and Blackburn, JJ., concur.*

DECIDED OCTOBER 20, 1995.

*Mayer & Beal, Randolph A. Mayer, Andrew M. Beal*, for appellant.

*J. Houston Lennard*, for appellee.